IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RICARDO LUPERON,

    Plaintiffs,

vs.     Case No. 2018-012943-CA-01

CITY OF CORAL GABLES,

    Defendant.

_____/

## COMPLAINT

Plaintiff, RICARDO LUPERON ("Plaintiff"), by and through the undersigned, hereby files this Complaint against Defendants, CITY OF CORAL GABLES ("Defendant" or the "City"), and in support thereof states as follows:

1. This action is brought for violations of the, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983 ("§ 1983").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, 1343(1)(3)(4), This Court has further jurisdiction pursuant to 28 U.S.C. §2201, 2202, the doctrine of pendent jurisdiction.

3. Plaintiff is in excess of 18-years-of-age and a resident of Miami-Dade County, Florida.

4. The City of Coral Gables Police Department ("MDPD") is a subdivision of the City of Coral Gables, Florida.

5. Those acts or omissions challenged here as constituting a depravation of the Plaintiff's constitutionally protected rights, as well as any acts characterized as negligence, all occurred within Miami-Dade County, Florida.

## COUNT I
*Violation of § 1983*

6. The Plaintiff, readopts and realleges paragraphs 1 through 5 as though fully set forth herein, and further alleges:

7. On September 26, 2016, several officers from the Coral Gables Police Department acting within the course and scope of their employment, arrested Plaintiff without probable cause, reasonable suspicion, or any justification whatsoever.

8. Specifically, during the relevant time period, Plaintiff was preaching on Miracle Mile.

9. Thereafter, without probable cause, reasonable suspicion, or justification whatsoever, and in violation of the Plaintiff's constitutionally protected right against unreasonable search and seizure, an officer slammed Plaintiff over the concrete, repeatedly smashed his face against the concrete, and arrested Plaintiff. At all times, Plaintiff was wearing his reverend uniform.

10. At or about noon, about four officers took Plaintiff to an empty parking lot.

11. The officers got out of their cars and locked Plaintiff inside the car with closed windows and no air conditioning.

12. The officers talked amongst themselves for about half an hour.

13. Plaintiff eventually passed out while locked inside the car. When Plaintiff woke up, an officer was outside the car with a fireman.

14. Plaintiff was taken out of the car and asked to lean forward, but in the process, Plaintiff passed out again.

15. Sometime thereafter, the officers took Plaintiff to the hospital where he stayed for several hours.

16. Once released from the hospital, the officers took Plaintiff to jail where he stayed for three days until he received bail.

17. At the relevant times, the Plaintiff, while exercising his right to be free of unreasonable search and seizure, and while in no way provoking or threatening the Officers or violating any law or ordinance was subjected to the constitutional violations set forth in this Complaint.

18. The events described in paragraphs 7 through 16 occurred as a direct and proximate result of practices, procedures, customs, and policies, which have been adopted by the City, which resulted in the deprivation of the constitutionally protected rights to which the Plaintiff was entitled pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. This deprivation of constitutionally protected rights is a violation of § 1983.

19. The policies, customs, and practices adopted by the City that resulted in violations of § 1983 include, but are not limited to, the following, any of which standing alone would have been a policy of practice sufficient to cause the deprivation of rights:

    a. Failed to properly screen applicants applying for the position of police officer (employed by the City) with the appropriate accounting, auditing and evaluation of business records, licenses and permits;

    b. Failed to properly hire and train police officers that officers who were likely to deprive citizens of their constitutionally protected rights were permitted to patrol the streets enforcing ordinances where accounting procedures where necessary;

    c. Failed to appropriately train police officers in the use of the power of arrest; and/or permitted the use of arrest in circumstances which would be tantamount

to a deprivation of a suspect's constitutionally protected rights if licensing were not checked;

d. Adopted policies and/or customs of failing to discipline and/or terminate police officers who improperly used intimidation and force in connection with their employment;

e. Adopted a policy and procedure of permitting police officers cover up and/or hide the improper use of intimidation, coercion and threats of repeated arrests so that officers were in fact were not disciplined for doing so;

f. Failed to implement an appropriate warning system for dealing with officers who evinced a proclivity for depriving citizens of constitutionally protected rights;

g. Adopted a policy, procedure and/or customs of failing to take remedial action against officers who performed illegal searches and seizures, false arrest, intimidation and force in violation of constitutionally protected rights of suspects of citizens;

h. Instituted a policy, procedure or custom failing to respond to numerous incidents of the use of unnecessary force, arrest, searches and seizures of suspects, citizens and their business without warrant such that the City knew or should have known of a proclivity to use unnecessary force, arrest, searches and seizures against such persons, said acts constituting a violation of the constitutionally protected rights;

i. Adopted a use of force, intimidation and arrests policy which is incompatible with citizens, such as Plaintiff's constitutionally-protected right to be free from the right not to be deprived of life, liberty, or bodily injury without due process of law.

20. The policies and procedures described above directly and proximately deprived the Plaintiffs, of the following constitutionally guaranteed rights and privileges, said deprivation constituting a violation of § 1983:

   a. The right and privilege not to be deprived of their liberty, and physical well-being without due process and equal protection of the law;

   b. The right and privilege to be free from an unlawful act upon the physical integrity of his person;

   c. The right and privilege to be secure in their person while in the custody of the County's police officers;

   d. The right and privilege not to be subject to punishment without due process of law;

   e. The right and privilege to be immune, while under investigation by the County's police officers, from illegal assault and battery by any person exercising the authority of the County;

   f. The right and privilege to be free from cruel and unusual punishment; the right to be free from physical abuse, coercion, and intimidation.

21. All of the actions described hereinabove, and attributed to the Officers employed by the County, were undertaken under the color of the law and authority vested in them by the County, as City police officers.

22. As a direct and proximate result of the policies and procedures implemented by the City, and described hereinabove, the Plaintiff suffered the following damages, all compensable pursuant to § 1983:

   a. Pain and suffering, in the past, and to be incurred in the future;

b. Mental anguish, and loss of the capacity for the enjoyment of life, incurred in the past, and to be incurred in the future;

c. Loss of earnings in the past and loss of ability to earn money in the future;

d. Mental anguish and business incurred in the past, and to be incurred in the future;

e. All damages provided for by § 1983 as a result of physical injuries, mental anguish, and deprivation of liberty and their right to earn a living with gainful.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendant, the City, as follows:

a. For all compensatory damages provided for by § 1983;

b. For all costs incurred in the prosecution of this cause;

c. For all interest imposed at the legal rate subsequent to the entry of judgment;

d. For any further judgments, decrees, or orders necessary to effectuate final judgment entered by the Court;

e. For all attorneys' fees reasonably and necessarily incurred by the Plaintiff in the prosecution of this cause;

f. Plaintiff demands a trial by jury.

Dated: 4/20/18

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
*Counsel for Plaintiff*
**REMER & GEORGES-PIERRE, PLLC**
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005